**FEDERAL DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY - TRENTON**

| | |
|---|---|
| Gaiatop LLC and Xiantaoshiangsenshangmaoyouxiangongsi a/k/a Gaiatop<br><br>Plaintiffs,<br>v.<br><br>Shenzhen Jisu Keji Youxiangongsi a/k/a Jisulife-NA<br><br>Defendant. | Civil Action No. 25-cv-00619<br><br>Jury Trial Demanded |

SECOND AMENDED COMPLAINT

Plaintiffs Gaiatop, LLC and Xiantaoshiangsenshangmaoyouxiangongsi a/k/a Gaiatop, (“Gaiatop” and “Xiantao”) respectively and “Plaintiffs” collectively) by and through their undersigned attorney, hereby brings this action against Defendant Shenzhen Jisu Keji Youxiangongsi a/k/a Jisulife-NA (“Jisulife-NA” or “Defendant”) (i) for a declaratory judgment that U.S. Patent Nos. 11,635,083, 11,920,602, 11,859,625, 11,754,080, 11,719,250, 11,795,947 (“the ‘083 Patent,” “the ‘602 Patent,” “the ’625 Patent,” “the ‘080 Patent,” “the ‘250 Patent” and “the ‘947 Patent” respectively or “the Neck Fan Patents” collectively)[1] are invalid under 35 U.S.C. Sec. 101, 102, 103 and/or 112; (ii) a declaratory judgment that U.S. Design Patent No. D886,982 (“the ‘D982 Patent,” or “the Handheld Fan Patent” *Exhibit 2*) is invalid under 35 U.S.C. Sec. 101, 102, and/or 103; (iii) the Neck Fan Patents are unenforceable for patent misuse; and (iv) for damages against Defendant for its violations of the New Jersey Consumer Fraud Act, including N.J. Rev. Stat. § 56:8-2, and allege as follows:

---

[1] The ‘083 Patent, the ‘602 Patent, the ‘625 Patent, the ‘080 Patent, the ‘250 Patent and the ‘947 Patent belong to the same patent family and are directed to various aspects of a neck fan. A copy of the ‘083 Patent and copies of the claims of the ‘602 Patent, the ‘625 Patent, the ‘080 Patent, the ‘250 Patent and the ‘947 Patent are attached as *Exhibit 1*.

## I. THE PARTIES

1. Plaintiff Gaiatop LLC is a New Jersey limited liability company with a place of business at 12 Fisher Lane, Franklin Park, NJ 08823.

2. Plaintiff Xiantao is a Chinese company with a place of business at #26 Dahonglu, Community Service Center, Ganhe Blvd., Ganhequ, Xiantaoshi, Hubei Province, P.R. China 433115.

3. Defendant is a Chinese company with a place of business at Room 301, Building B, No. 17, Yongxiang East Road, Ma'antang Community, Bantian Street, Longgang District, Shenzhen, Guangdong, P.R. China.

4. Upon information and belief, Defendant engaged in interstate commerce involving the State of New Jersey by distributing their neck fan and handheld fan products via Amazon online platform to New Jersey residents and through Walmart stores with locations within the State of New Jersey (*Exhibit 3*).

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 2201 (Declaratory Judgment Act), and 35 U.S.C. §§ 100 et seq.

6. This Court has personal jurisdiction over Defendant because they have engaged in unfair competitions in the State of New Jersey, including patent misuse and price-fixing on neck fans and handheld fans sold to residents in the State of New Jersey.

7. This Court may also assert personal jurisdiction over Defendant under F.R.C.P., Rule 4(k)(2), which applies to foreign defendant, violating U.S. Federal laws.

8. This Court has supplemental jurisdiction over Count IV pursuant to the provisions of 28 U.S.C. §1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Defendant engaged in unfair competition and price fixing in the neck fan and handheld fan markets in the United States and in the State of New Jersey.

## III. FACTS

10. Defendant is the owner of the Neck Fan Patents and the Handheld Fan Patent.

11. Defendant manufactures and sells both the neck fans and the handheld fans to residents of the State of New Jersey though Amazon, Walmart, CVS, Costco and other retailers.

12. Upon information and belief, the Handheld Fan Patent is invalid over Chinese Patent No. CN 304477734 S ("the 'CN734 Patent" Exhibit 4). A direct comparison of the two designs in the table below demonstrate that the Handheld Fan Patent is identical/near identical to that of the 'CN734 Patent.

| The 'D982 Patent (the Handheld Fan Patent)<br>Filing Date: December 2, 2018 | The 'CN734 Patent<br>Publication Date: January 26, 2018 |
|---|---|
| FIG. 9 | |

13. The Neck Fan Patents are also believed to be invalid over numerous prior art references, including but not limited to (i) Japanese Patent No. P2019-105266A, published on June 27, 2016 ("the 'JP266 Patent" Exhibit 5), (ii) U.S. Patent No. D903,086 S, filed on May 22, 2020 ("the 086 Patent" Exhibit 6), claiming the priority of Chinese Patent Application No. CN2019 3 0651468, filed on November 25, 2019 and Chinese Patent No. CN 210829801 U, filed on October 9, 2019 ("the 'CN801 Patent" Exhibit 6), (iii) U.S. Design Patent No. D884,201, filed on October 9, 2019 ("the 'D201 Patent" Exhibit 7), (iv) U.S. Design Patent No. D890,354, filed on January 24, 2019 ("the 'D354 Patent" Exhibit 8), (v) Korean Patent Application Publication No. 10-1834138, published on February 23, 2018 ("the 'KR138 Patent" Exhibit 9), (vi) Japanese Patent No. 3220810U, filed on January 24, 2019 and published on April 4, 2019 ("the 'JP810 Patent" Exhibit 10), (vii) Korean Patent No. KR200487688Y1, filed on July 17, 2018 and published on October 22, 2018 ("the 'KR688 Patent" Exhibit 11), and (viii) Chinese Patent No. CN209354401 U, filed on December 13, 2018 and published on September 06, 2019 ("the 'CN401 Patent" Exhibit 12). A preferred embodiment of the Meck Fan Patents is compared directly with those of the prior art references in the Table below[2]:

[2] Preferred embodiment is used in the Complaint to save large number of pages for claim charts for each of the Neck Fan patents. The preferred embodiment illustrates the numerosity and closeness of the prior art references and demonstrates that the claimed neck fan has been invented earlier by many others. Detailed claim analysis and claim charts for each of the Neck Fan Patents will be supplied in Plaintiffs' invalidity contention later.




| Defendant's Product Covered By The Neck Fan Patents | The 'D201 Patent (Prior Art) Priority Date: January 24, 2019 |
|---|---|
| The 'JP266 Patent (Prior Art) Published on June 27, 2016 | The '086 Patent & the 'CN801 Patent (both issued to Kai Liu & Both Are Prior Arts) |
| U.S. Design Patent No. D884,201 (Prior Art) Filed: October 9, 2019 | U.S. Design Patent No. D890,354 (Prior Art) Filed: January 24, 2019 |
| Korean Patent Application Publication No. 10-1834138 (Prior Art) | Japanese Patent No. 3220810U (Prior Art) Published on April 4, 2019 |




| Publication Date: February 23, 2018 | |
|---|---|
| Korean Patent No. KR200487688Y1 (Prior Art) Published on October 22, 2018 | Chinese Patent No. CN209354401 U (Prior Art) Published on September 06, 2019 |

14. Defendant licensed the Neck Fan Patents to Plaintiffs in 2024.

15. Prior to the renewal of the license agreement in December, 2024, Defendant demanded that Plaintiffs must (i) pay to license the Handheld Fan Patent and (ii) fix the price of the neck fans at the same level as all the other licensees, as preconditions for license renewal of the Neck Fan Patents.

16. On information and belief, Defendant and several neck fan sellers signed agreements to control the price of neck fans in the United States and such agreements are

horizontal price-fixing agreements because Defendant and the other sellers sell neck fans into the same market in the United States. (see copy of the supplementary agreement on authorization and licensing of neck fans, hereinafter "License Agreement", *Exhibit 13*).

17. Plaintiffs refused to fix the price of neck fans and further refused to tie the handheld fans to the neck fans.

18. Defendant retaliated with termination of the license agreement on the neck fans and a threat of litigation against Plaintiffs based on one of more of the Neck Fan Patents.

19. Upon information and belief, Defendant has initiated 12 legal actions in the Federal District Court for the Northern District of Illinois to implement its effective control over the markets on products such as neck fans and handheld fans and to impose price control and other restraints over those markets. A list of the legal actions is shown in the table below:

Legal Actions Taken By Defendant in NDIL

| | | |
|---|---|---|
| Case #1 | 1:23-cv-14016 | Shenzhen Jisu Technology Co., LTD v. The Entities and Individuals Identified in Annex A |
| Case #2 | 1:24-cv-02948 | SHENZHEN JISU TECHNOLOGY CO., LTD v. The Entities and Individuals Identified in Annex A |
| Case #3 | 1:24-cv-04152 | SHENZHEN JISU TECHNOLOGY CO., LTD v. THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A |
| Case #4 | 1:24-cv-02948 | SHENZHEN JISU TECHNOLOGY CO., LTD v. The Entities and Individuals Identified in Annex A |
| Case #5 | 1:23-cv-15914 | Shenzhen Jisu Technology Co Ltd. v. The Partnerships And Unincorporated Associations Identified On Schedule A |
| Case #6 | 1:24-cv-04134 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, |

| | | |
|---|---|---|
| | | Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |
| Case #7 | 1:24-cv-04134 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |
| Case #8 | 1:24-cv-05215 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A |
| Case #9 | 1:24-cv-05905 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A |
| Case #10 | 1:24-cv-06182 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A |
| Case #11 | 1:24-cv-07647 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A |
| Case #12 | 1:24-cv-07810 | Shenzhen Jisu Technology Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A |

20. Upon information and belief, Defendant has forced at least twelve sellers to join Defendant's price fixing and product tying scheme.

**COUNT I. DECLARATORY JUDGMENT – INVALIDITY OF THE NECK FAN PATENTS**

21. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

22. The claims of each of the Neck Fan Patents are invalid under 35 U.S.C. §§ 102 and/or 103 over one or more of the ‘JP266 Patent, the 086 Patent, the ‘CN801 Patent, the ‘D201 Patent, the ‘D354 Patent, the ‘KR138 Patent, the ‘JP810 Patent, the ‘KR688 Patent and the ‘CN401 Patent because these prior art publications disclosed the claimed invention prior to the filing date/priority date of the Neck Fan Patents.

23. The Neck Fan Patents are also invalid under 35 U.S.C. § 101 as being invented by others prior to the filing date of the Neck Fan Patents.

24. The Neck Fan Patents are not entitled to the foreign priority dates because the foreign priority documents do not support the full scope of the claims, e.g., there is no disclosure of the cover over the air inlets in the foreign priority documents while claimed in the Neck Fan Patents.

**COUNT II. DECLARATORY JUDGMENT – INVALIDITY OF THE ‘D982 PATENT**

25. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

26. The ‘CN734 Patent disclosed the handheld fan more than 10 months before the filing date of the ‘D982 Patent.

27. As shown in the table below, an ordinary designer in making handheld fans can easily modify the ‘CN734 Patent to create a design that has the same overall visual appearance of the claimed design in the ‘D982 Patent.”

| The 'D982 Patent (the Handheld Fan Patent)<br>Filing Date: December 2, 2018 | The 'CN734 Patent<br>Publication Date: January 26, 2018 |
|---|---|
| FIG. 9 | |

28. The 'D982 Patent is invalid as being anticipated by or rendered obvious by the 'CN734 Patent.

**COUNT III. DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY DUE TO PATENT MISUSE – NECK FAN PATENTS**

29. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

30. Defendant used the Neck Fan Patents to engage in price-fixing and unfair competition.

31. Defendant's collusion with numerous sellers to fix the price and to tie the handheld fans to the Neck Fan Patents constitute violations of the antitrust law and the unfair competition law under the established precedents.

32. Defendant's unlawful actions shall constitute patent misuse and render the Neck Fan Patents unenforceable.

**COUNT IV. VIOLATION OF N.J. REV. STAT. § 56:8-2**

33. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

34. Defendant's price fixing scheme to restraint the neck fan market, in part, through its physical establishments with the State of New Jersey and to unlawfully tie the handheld fans to the Neck Fan Patents.

35. Defendant's actions are unconscionable, abusive, and/or deceptive and therefore is unlawful practice under N.J. Rev. Stat. § 56:8-2 regardless "whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice;…"

36. Defendant's unlawful practice caused damages to Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For judgment in favor of Plaintiffs against Defendant on all claims;

B. Declaring that the Neck Fan Patents are invalid over one or more of the 'JP266 Patent, the 086 Patent, the 'CN801 Patent, the 'D201 Patent, the 'D354 Patent, the 'KR138 Patent, the 'JP810 Patent, the 'KR688 Patent and the 'CN401 Patent under 35 U.S.C. §§ 102, 103 and/or 112;

C. Declaring that the 'D982 Patent is invalid over the 'CN734 Patent;

D. Declaring that the Neck Fan Patents are unenforceable for patent misuse;

E. Holding Defendant liable for damages under the New Jersey Consumer Fraud Act;

F. Awarding Plaintiffs their costs of suit, including the costs of experts and reasonable attorneys' fees, due to the exceptional nature of this case, or as otherwise permitted by law;

G. Awarding Plaintiffs statutory, compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

H. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

I. Awarding pre- and post-judgment interest; and

J. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial on all triable issues.

Respectfully Submitted

By: /s/*lance liu*

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
NJ Bar No. 001331999
Tel: (203)706-9536
Fax: (347)696-4111
Lanceliu2000@gmail.com
Attorney for Plaintiffs

Dated: May 19, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2024, a copy of the foregoing document was sent electronically to all counsels of records via ECF system.

/s/lance liu

BY: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Bar No. 3002946
Email: lanceliu2000@gmail.com
Phone: (203)706-9536
Attorney for Plaintiffs

Dated: 05/19/2025