# Lance Y. Liu

Lance LIU*, PhD., Esq.
*licensed in NY & NJ

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Phone: 203-706-9536
Email: lanceliu2000@gmail.com
Date: June 10, 2025

VIA CM/ECF
The Honorable Karen M. Williams
United States District Court
for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

      Re:    Gaiatop LLC et al. v. Shenzhen Jisu Keji Youxiangongsi et al.
               Civil Action No. 1:25-cv-00619

Dear Judge Williams:

This letter is in response to Jisu's June 2, 2025 letter to Judge Castner (Dkt. 17) on behalf of Gaiatop which filed its Second Amended Complaint (Dkt. 16) to demonstrate the numerous prior art references for invalidating Jisu's patents and to consolidate the claims around patent noninfringement and invalidity.

There is no ground for Jisu to allege that "Gaiatop Has Refused To Discuss Any Of These Issues Since receiving Gaiatop's April 25 letter," as Gaiatop has removed the potentially complicated issues in this case, including the removal of Xiangfu Li and removal of antitrust count from this case.

There is also no merits in Jisu's allegation that "despite Gaiatop's promises to this Court to confine this new complaint to invalidity and infringement claims, and to drop all antitrust related issues, it continues to assert antitrust related patent enforceability allegations related to price restrictions and a claim for damages under the New Jersey Consumer Fraud statute based on price restrictions." Gaiatop withdrew its antitrust claim in the previous complaint because it depends on the invalidity of the Jisu patents. Based on the numerous prior art references on the neck fan and the handheld fan, the Jisu patents would be invalid which would render all the case laws cited by Jisu moot. To avoid complication associated with antitrust claim, Gaiatop agreed to remove such claim from this case and to reserve it for a later case when and if the Jisu patents are

Letter to Hon. Karen M. Williams
06/10/2025

invalidated. Gaiatop never intended to withdraw any patent misuse claims associated with price-fixing and product tying.

Moreover, the New Jersey's Entire Controversy Doctrine, codified in Rule 4:30A of the Rules Governing the Courts of the State of New Jersey, requires litigants to join all germane claims and parties in a single lawsuit, including Jisu's violations of New Jersey Consumer Fraud Act by both price-fixing and product tying, to address Gaiatop's injuries from being forced to fix price, to buy unrelated products from Jisu and to constantly being threatened to be sued under Jisu's invalid patents. Jisu's violations of New Jersey Consumer Fraud Act is germane to its patent misuse and is thus required by Rule 4:30A.

Due to the numerous prior art references as shown in the Second Amended Complaint to invalidate the Jisu patents, Gaiatop is confident that it does not/cannot infringe any valid claim of any Jisu patent as a matter law and that the Jisu patents are invalid or unenforceable due to prior art and due to patent misuse. Gaiatop would like to have a speedy trial on the merit to invalid the Jisu patents and to remove the constant threats of patent lawsuits from Jisu. If Jisu "is eager to move past the pleadings phase and intends to file its claims for willful infringement soon," the parties would have the same goal/demand of moving past the pleading phase quickly.

Therefore, the Court should allow the parties to move past the pleading stage in an expedite way to meet their common need. Accordingly, Jisu's request for pre-motion hearing shall be denied to limit motion practice agreed to by both parties.

Respectfully Submitted

By: /s/ Lance Liu
Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
(203)706-9536
Attorney for Plaintiffs