SILLS CUMMIS & GROSS P.C.
Scott D. Stimpson (*pro hac vice*)
Laura E. Krawczyk
Katherine M. Lieb
101 Park Ave, 28th Floor
New York, NY 10178
(212) 643-7000

*Attorneys for Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff*
*Shenzhen Jisu Technology Co., Ltd. (improperly named as Shenzhen Jisu Keji*
*Youxiangongsi a/k/a Jisulife-JA)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIATOP LLC AND XIANTAOSHIANGSENSHANGMAO YOUXIANGONGSI A/K/A GAIATOP,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>        vs.<br><br>SHENZHEN JISU TECHNOLOGY CO., LTD. (IMPROPERLY NAMED AS SHENZHEN JISU KEJI YOUXIANGONGSI A/K/A JISULIFE-NA),<br><br>    Defendant and Counterclaim Plaintiff.<br>——————————————<br>SHENZHEN JISU TECHNOLOGY CO., LTD. (IMPROPERLY NAMED AS SHENZHEN JISU KEJI YOUXIANGONGSI A/K/A JISULIFE-NA),<br>      Third-Party Plaintiff,<br>vs.<br>SHENZHEN GAIATOP NETWORK TECHNOLOGY CO., LTD.,<br>      Third-Party Defendant. | Civil Action No. 25-619(KMW)(MJS)<br><br>Honorable Karen M. Williams<br><br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

13258667 v1

THIS MATTER having come before the Court by Sills Cummis & Gross P.C., attorneys for Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff Shenzhen Jisu Technology Co., Ltd. (improperly named as Shenzhen Jisu Keji Youxiangongsi a/k/a Jisulife-JA) ("Jisu"), on Jisu's Motion for a Preliminary Injunction and Related Relief, and the Court having reviewed and considered the motion and submissions of the parties, and having heard oral argument, and it appearing to the Court that Jisu should be granted a preliminary injunction and related relief, and for good cause shown;

IT IS on this _____ day of _____, 2025,

ORDERED that Jisu's Motion for a Preliminary Injunction and Related Relief is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff and Counterclaim-Defendants Gaiatop LLC and Xiantaoshiangsenshangmaoyouxiangongsi, and Third-Party Defendant Shenzhen Gaiatop Network Technology Co., Ltd. (collectively, "Gaiatop"), and any of their parent companies, subsidiaries, and affiliates and each of their employees, agents, and assigns and all others in active concert or participation with Gaiatop are hereby restrained and enjoined from making, using, importing, or selling its infringing fans, including but not limited to, Gaiatop's M5 neck fans, its Hanging Neck Fans (model JXS-GB3), and any other products that would infringe any of U.S. Design Patent No. D886,982, U.S. Patent Nos.

2

11,635,083, 11,661,947, and 11,920,602, U.S. Design Patent Nos. D1,069,084 and D1,077,190 (the "Accused Products").

IT IS FURTHER ORDERED THAT , no later than five days from entry of this Order, Gaiatop shall produce sales, costs, and profits quarterly summaries, separately for each accused product, after which the parties will meet and confer about an appropriate amount for Gaiatop to secure a bond or deposit funds to the court sufficient to satisfy Jisu's potential damages for all past sales of Gaiatop's Accused Products plus tripling for potential willful infringement, and Gaiatop shall either secure a bond of that amount or deposit that amount to the Court within fourteen days of this Order.  In the event the Parties are unable to agree on the amount within ten days, they shall simultaneously provide the Court with letters addressing the appropriate amount, within fourteen days after this Order, each limited to three pages, and the Court will set the amount based on those letters.

IT IS FURTHER ORDERED THAT this preliminary injunction shall take effect immediately and shall remain in effect pending trial in this matter or further order of this Court.

_____
HON. KAREN M. WILLIAMS

3

13258667 v1