**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY -**
**CAMDEN**

| | |
|---|---|
| Gaiatop LLC and Xiantaoshiangsenshangmaoyouxiangongsi a/k/a Gaiatop <br><br> Plaintiffs, <br><br> v. <br><br> Shenzhen Jisu Keji Youxiangongsi (Shenzhen Jisu Technology Co., Ltd.) a/k/a Jisulife-NA, <br><br> Defendant and Counterclaim Plaintiff <br><br> v. <br><br> Shenzhen Gaiatop Network Technology Co., Ltd., <br><br> Third Party Defendant | ) <br> ) <br> ) Civil Action No. 25-cv-00619 <br> ) <br> ) Judge: Hon. Karen M. Williams <br> ) <br> ) Magistrate Judge: Hon. Matthew J. <br> ) Skahill <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR**</u>
<u>**PRELIMINARY INJUNCTION**</u>

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Phone: (203) 706-9536
lanceliu2000@gmail.com

Attorney for Plaintiffs

1

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 4

II.   LEGAL STANDARD ................................................................................................ 9

III.  ARGUMENT.............................................................................................................. 10

    A.    Defendant Does Not Have A Reasonable Likelihood Of Success
        On The Merits Under The 'D982 Patent ……………………………………..…10

    B.    Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits
        Under The '083 Patent……………………………………………….………..21

    C.    Defendant Does Not Have A Reasonable Likelihood Of Success
        On The Merits Under The '947 Patent……………………….………………..26

    D.    Defendant Does Not Have A Reasonable Likelihood Of Success On The
        Merits Under The '602 Patent…………………………………………………30

    E.    Defendant Does Not Have A Reasonable Likelihood Of Success
        On The Merits Under The 'D084 Patent………………………………....….32

    F.    Defendant Does Not Have A Reasonable Likelihood Of Success On The
        Merits Under The 'D190 Patent…………………………………………………32

IV.   CONCLUSION ......................................................................................................... 33

## TABLE OF AUTHORITIES

**Cases**

*Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009) ............... 10
*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343,
   1350 (Fed. Cir. 2001) ................................................................................ 10, 13, 19, 32, 33
*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008)..........................13
*Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008).....................19
*Gorham v. White*, 81 U.S. 511, 528 (1871)...........................................................................13
*Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000)......23, 27, 28, 29
*LKQ Corporation v. GM Global Technology Operations LLC*, No. 21-2348
   (Fed. Cir. 5/21/2024) (*en banc*)............................................................................14
*London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1539 (Fed. Cir. 1991) ............................. 23
*Mannesmann Demag Corp. v. Engineered Metal Products Co., Inc.*, 793
       F.2d 1279, 1282 (Fed. Cir. 1986)....................................................................22, 26
*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ....................................................................... 9
*Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358,
   1364 (Fed. Cir. 2017) ................................................................................ 10, 13, 19, 32, 33
*Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, at 1320-1321 (Fed. Cir., 2011) ...............16
*Peters v. Active Mfg. Co.*, 129 U.S. 530, 537, 9 S. Ct. 389, 32 L.Ed. 738 (1889).............13
*Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573,
   229 USPQ 561, 574 (Fed.Cir.1986)....................................................................... 12
*Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003)..........17

*Wahpeton Canvas Co., v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989)..................23
*Water-Meter Co. v. Desper*, 101 U.S. 332, 377 (1880)..................................23, 27, 28, 29
*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ................................................. 9

**Statutes**

35 U.S.C. §102(a) ............................................................................................................ 7, 19
35 U.S.C. §103.........................................................................................................7, 24

**Others**

37 C.F.R. §1.56............................................................................................................. 15

3

Plaintiffs Gaiatop LLC and Xiantaoshiangsenshangmaoyouxiangongsi a/k/a Gaiatop (hereinafter "Gaiatop LLC" and "Gaiatop" respectively, and "Plaintiffs" collectively), by and through their undersigned attorney, hereby oppose Defendant's Motion for Entry of a Preliminary Injunction ("Motion for PI" Dkt. #24) to enforce U.S. Design Patent No. D886,982 ("the 'D982 Patent" or the "Foldable Fan Patent"); U.S. Patent Nos. 11,635,083 ("the '083 Patent"), 11,661,947 ("the '947 Patent"), and 11,920,602 ("the '602 Patent") (collectively, the "Neck Fan Patents"); and U.S. Design Patent Nos. D1,069,084 ("the 'D084 Patent") and D1,077,190 ("the 'D190 Patent") (collectively the "Handheld Fan Patents") against Plaintiffs and state as follows:

## I.    INTRODUCTION

Defendant's Motion for PI was filed against the Plaintiffs and the Third Party Defendant Gaiatop Network Co. Ltd. which has not been made a party to this case as of the filing date of the Motion for PI. Subsequently Defendant requested to withdraw its Motion for PI against the Third Party Defendant (Dkt. #31) would render the procedural issue moot. However, Plaintiffs continue to oppose the Motion for PI because it is substantively without merits.

This case involves five alleged infringing products, (1) Foldable Fan Product, (2) Neck Fan Product #1, (3) Neck Fan Product #2, (4) Handheld Fan Product #1 and (5) Handheld Fan Product #2[1]. The six asserted patents are also listed in the table below:

| Alleged Infringing Products | Asserted Patents | Major Defects In Defendant's Motion for PI |
|---|---|---|
| Foldable Fan Product | Foldable Fan Patent: The 'D982 Patent | (1) Noninfringement; (2) Invalidity; (3) Unenforceability due to inequitable conducts; and (4) Patent misuse. |
| Neck Fan Product #1 | Neck Fan Patents: | (1) Noninfringement; and/or |

---

[1] Handheld Fan Product #1 and Handheld Fan Product #2 are believed to be the front view and back view of the same product. As Defendant treated them as two products, Plaintiffs would treat them the same way for the purpose of this Opposition.

| | The '083 Patent;<br>The '947 Patent; and<br>The '602 Patent. | (2) Invalidity and/or<br>(3) Patent misuse. |
|---|---|---|
| Neck Fan Product #2 | Neck Fan Patents:<br>The '947 Patent; and<br>The '602 Patent. | (1) Invalidity;<br>(2) Failure to show that this product was sold by Plaintiffs; and<br>(3) Patent misuse. |
| Handheld Fan Product #1 | Handheld Fan Patents:<br>The 'D084 Patent | (1) Noninfringement;<br>(2) Invalidity; and<br>(3) Patent misuse. |
| Handheld Fan Product #2 | Handheld Fan Patents:<br>The 'D190 Patent | (1) Noninfringement;<br>(2) Invalidity; and<br>(3) Patent misuse. |

Plaintiffs also provided evidence, attached hereto and to the Amended Complaint, to demonstrate that all the asserted patents are plainly vulnerable to being invalidated and/or are unenforceable and/or noninfringed.

Specifically, Defendant's assertion of the 'D982 Patent against Foldable Fan Product is simply wrong because Plaintiffs made it according to their own in-licensed patent, U.S. Patent No. D1,058,781 ("the 'D781 Patent" Exhibit 1), which the USPTO has determined to be patentably distinct from the 'D981 Patent. Moreover, the 'D982 Patent is anticipated by Defendant's own prior sale of a foldable fan product which embodies the design of the 'D982 Patent more than one year before the filing date of the 'D982 Patent. Furthermore, Defendant failed to disclose such prior sale to the Patent Office in order to deprive the Patent Examiner the benefit of considering the prior art sale. Defendant also filed fraudulent certification of microentity for substantially reduced USPTO fees. Such failure to disclose material information constitutes inequitable conduct and renders the 'D982 Patent unenforceable. After

the 'D982 Patent was issued, Defendant deleted the weblink for the prior art sale so that his opponent cannot find the incriminating evidence to invalidate the 'D982 Patent so as to help Defendant to knowingly assert the invalid and unenforceable 'D982 Patent. The Motion for PI is frivolous at least with respect to Defendant's assertion of the 'D982 Patent.

With regard to the three Neck Fan Patents, Neck Fan Product #1 does not infringe any valid claims of any of the Neck Fan Patents because those patents are invalid over numerous prior art references and/or are also unenforceable for patent misuse. Neck Fan Product #2 has not been shown to be from the Plaintiffs.

Lastly, Handheld Fan Product #1 does not infringe any valid claims of the 'D084 Patent and Handheld Fan Product #2 does not infringe any valid claim of the 'D190 Patent. The common features of the 'D084 Patent and the 'D190 Patent include a garden variety handle (to be handheld) and a fan (for blowing air), which are not entitled to design patent protection as being purely functional. Defendant has not point out any novel decorative features which is unique to Defendant and patentably distinct from those disclosed by the prior art references, including U.S. Design Patent No. D952,117 ("the 'D117 Patent" Exhibit 2) and Chinese Patent No. CN 218598421 ("the 'CN421 Patent," Exhibit 3). The designs of these two patents are compared directly with those of the 'D117 Patent and the 'CN421 Patent in the table below:

| the 'D084 Patent | the 'D190 Patent | The 'CN421 Patent (Prior Art, Exhibit 3) | the 'D117 Patent (Prior Art, Exhibit 2) |
|---|---|---|---|
| | | | |

All four fan designs have the same/substantially the same functional handle (to be handheld) and the same/substantially the same fan (for blowing air). The resemblance of the prior art fans demonstrate that they are not distinct from each other, i.e., the later filed 'D084 Patent and 'D190 Patent are not patentable over the earlier published 'CN421 Patent and the 'D117 Patent under 35 U.S.C. 102/103, especially when the prior art references were not considered by the Patent Examiner when issuing the 'D084 Patent and the 'D190 Patent.

Defendant applied for and obtained the following 11 patents on nonexistent novel decorative features of their handheld fan:

| Patent Nos. | Claimed Designs | Inventors | Patent owner |
|---|---|---|---|
| #1. USD1069084S1 | | Xiangfu Li, Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |
| #2. USD1068047S1 | | Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |
| #3. USD1068049S1 | | Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |
| #4. USD1068050S1 | | Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |
| #5. USD1078018S1 | | Jiefeng Tang, Jiahang Xie | Shenzhen Jisu Technology Co., Ltd. |
| #6. USD1068048S1 | | Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |
| #7. USD1077190S1 | | Jiefeng Tang, Jiahang Xie | Shenzhen Jisu Technology Co., Ltd. |

7

| #8. USD1077191S1 | | Jiefeng Tang, Wenpeng Qi | Shenzhen Jisu Technology Co., Ltd. |
|---|---|---|---|
| #9. USD1078979S1 | | Jiefeng Tang, Wenpeng Qi | Shenzhen Jisu Technology Co., Ltd. |
| #10. USD1078019S1 | | Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |
| #11. USD1077192S1 | | Jiefeng Tang | Shenzhen Jisu Technology Co., Ltd. |

These claimed designs resembles each other with a handle and a cylinder-shaped fan, except #9 patent with a square shaped fan. Defendant failed to point out any novel feature of the claimed handheld fans in these 11 patents[2].

Plaintiffs also note that the same/substantially designs were claimed by different combination of four inventors, Xiangfu Li, Jiefeng Tang, Jiahang Xie and Wenpeng Qi. For example, Xiangfu Li and Jiefeng Tang were named as co-inventors in #1 US Design Patent No. 1069084S1.  Then Jiefeng Tang and Wenpeng Qi were named as co-inventors of #8 US Design Patent No. 1077191S1, with identically designed handheld fans (see table below).

| #1. US Design Patent No. 1069084S1 (Xiangfu Li and Jiefeng Tang) | #8. US Design Patent No. 1077191S1 (Jiefeng Tang and Wenpeng Qi) |
|---|---|
| | |

---

[2] Volume filers of junk patents, such as Defendant herein, clogged the patent office and prevents the Patent Office from fulfilling its obligation to protect real new discoveries. Defendant not only filed/maintained large volume of junk patents on handheld fans, but also used these junk patents to make an end run the antitrust law prohibition of price-fixing.

Plaintiffs respectfully submit that at least one of Xiangfu Li, Jiefeng Tang and Wenpeng Qi did not make truthful statement when each stated under oath in their declarations that "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application." This is yet another ground to support Plaintiffs' allegations of inequitable conduct.

Thus, Defendant does not have a reasonable likelihood of success on the merits – an essential element when seeking a preliminary injunction. The relief sought by Defendant under Fed. R. Civ. P. 65 is extraordinary, and in light of Plaintiffs' opposition hereunder, Defendant fails to satisfy the legal standard necessary for this Honorable Court to grant Defendant's Motion. Therefore, Defendants' Motion for PI should be denied in its entirety.

## II.    LEGAL STANDARD

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted) (emphasis in original).  As a result, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); see also, *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citing *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir.1994)).

Further, "A patent holder seeking a preliminary injunction bears the ultimate burden of establishing a likelihood of success on the merits with respect to the patent's validity." *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009) and "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning

either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

### III.    ARGUMENT

Plaintiffs have raised the following substantial questions of noninfringement and/or invalidity and/or unenforceability of each of the 'D982 Patent, the '083 Patent, the '947 Patent, the '602 Patent, the 'D084 Patent and the 'D190 Patent so that "A preliminary injunction should not issue." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

**A.    Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits Under The 'D982 Patent**

**(1)    The Plaintiffs' Foldable Fan Products Are Made Based On Its Own U.S. Design Patent No. D1,058,781 Which Is Patentably Distinct From The 'D982 Patent As Determined By The USPTO**

Foldable Fan Product is manufactured according to the design of Plaintiff's in-licensed design patent, U.S. Design Patent No. D1,058,781 ("the 'D781 Patent"), not the '982 patent. The Foldable Fan Product, the 'D982 Patent and the 'D781 Patent are compared in the table below.

| Direct Comparison | | |
|---|---|---|
| Front Top and Right Profile (Closed) | | |
| The 'D982 patent | Plaintiffs' Foldable Fan Product | The 'D781 patent (Figure 1) |
| | | |
| Side Profile (Closed) | | |
| The 'D982 patent (Figure 5) | Plaintiffs' Foldable Fan Product | The 'D781 patent (Figure 5) |



| Side Profile (Open) | | |
|---|---|---|
| The 'D982 patent | Plaintiffs' Foldable Fan Product | The 'D781 patent (Figure 10) |

| Front Profile (Closed) | | |
|---|---|---|
| The 'D982 patent (Figure 3) | Plaintiffs' Product | The 'D781 patent (Figure 3) |

| Top Profile (Closed) | | |
|---|---|---|
| The 'D982 patent (Figure 7) | Plaintiffs' Product | The 'D781 patent (Figure 7) |

| Bottom Profile (Closed) | | |
|---|---|---|
| The 'D982 patent (Figure 8) | Plaintiffs' Product | The 'D781 patent (Figure 8) |

Based upon the comparison of ornamental features in the above images/figures, it is clear that Foldable Fan Product is identical/nearly identical to the 'D781 Patent design and is substantially different from the design claimed in the 'D982 Patent to the eyes of an ordinary observer. Moreover, the USPTO has reached the same conclusion. The Patent Examiner cited the 'D982 patent during the prosecution of the 'D781 patent (See Exhibit 1), where the 'D982 patent is listed under "References Cited" section of the 'D781 Patent. It is clear that the USPTO considered the 'D982 patent when issuing the 'D781 Patent and that it determined that the 'D781 Patent was patentably distinct from the 'D982 patent.

In other words, the 'D982 Patent neither anticipated nor rendered obvious the distinct design claimed in the 'D781 Patent and in Foldable Fan Product. As a result, the Foldable Fan Product does not infringe the 'D982 Patent under the legal principle that: "That which infringes if later anticipates if earlier." *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573, 229 USPQ 561, 574 (Fed.Cir.1986) (citing *Peters v. Active Mfg. Co*., 129 U.S. 530, 537, 9 S. Ct. 389, 32 L.Ed. 738 (1889)).

Moreover, the USPTO determination of non-anticipation also demonstrated that the designs are sufficiently distinct such that "in the eye of an ordinary observer, giving such attention as a purchaser usually gives," the two designs are not substantially the same and a purchaser would not be induced into "purchas[ing] one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (quoting *Gorham v. White*, 81 U.S. 511, 528 (1871)).

Given that the USPTO has found that the 'D781 patent, which is the design for the Foldable Fan Product, is patentably distinct from the 'D982 patent, the Foldable Fan Product does not infringe upon the design disclosed in the 'D982 Patent. Therefore, Defendant's Motion

12

should be denied with respect to the 'D982 Patent because Defendant cannot show a likelihood of success on the merits  Plaintiffs have raised a substantial question of noninfringement and "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

### (2)  Defendant's Inequitable Conduct Renders The 'D982 Patent Unenforceable.

Defendant placed its foldable fan for sale on Amazon as early as September 6, 2017. A screenshot of the Amazon listing for one of Defendant's embodying products (https://www.amazon.com/ JISULIFE-Portable-Handheld-Rechargeable- Flashlight/dp/ B072PWLDK3?th=1¬) was cited in Civil Action Case No. 1;23-cv-14026 (Dkt. #32-2) on November 3, 2023[3] (attached as Exhibit 4, "Undisclosed Prior Art").

A direct comparison of the 'D982 Patent claim is made with the disclosure in the Undisclosed Prior Art in the table below to demonstrate that they are identical/near identical.

| Direct Comparison of Foldable Fans | |
| --- | --- |
| Foldable Fan Claimed in the '706 Application/the 'D982 Patent (Priority Date: December 2, 2018) | Foldable Fan in the Undisclosed Prior Art (Exhibit 4) (On Sale Date: September 6, 2017) |
| | |

---

[3] Defendant has since deleted the weblink permanently and the spoliation of evidence will be explained later in this opposition.



Under the standard for design patent invalidation, the Undisclosed Prior Art would render the 'D982 Patent invalid because "… an ordinary designer in the field to which the claimed design pertains would have been motivated to modify the prior art design 'to create the same overall visual appearance as the claimed design.'" *LKQ Corporation v. GM Global Technology Operations LLC*, No. 21-2348 (Fed. Cir. 5/21/2024) (*en banc*).

Moreover, prior to filing and during the pendency of the '706 Application, at least the claimed inventor, Xiangfu Li, the prosecuting attorney, and possibly others substantively involved with the prosecution of the application ("Patentees"), were aware of the Undisclosed Prior Art which is a pertinent prior art reference to invalidate the claimed foldable fan in the 'D982 Patent. The patentees also knew that each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO. "[N]o patent shall be granted on an application in connection with which fraud on the Office was practiced or attempted . . . ." 37 CFR 1.56. The Patentees further knew that applicants and practitioners have a duty of reasonable inquiry, and a duty to ensure that representations are truthful and nonfrivolous. 37 CFR 11.18 and that all representations made by submission of documents to the USPTO are subject to Rule 11.18.

Yet, the Patentees chose to violate their affirmative duty to disclose the Undisclosed Prior Art to the Patent Office under 37 CFR 1.56 during the pendency of the 'D982 Patent, with the

14

goal of inducing the Patent Examiner to allow the '706 Application to become a patent without considering the Undisclosed Prior Art.

The Patent Examiner, in reliance on Patentees' omission of the Undisclosed Prior Art, issued the 'D982 Patent on June 9, 2020. The Patent Examiner would not have issued the 'D982 Patent but for Defendant's frauds because the Patent Examiner would have rejected the claim of the 'D982 Patent based on disclosure of the Undisclosed Prior Art. As a result, the 'D982 Patent is deemed unenforceable based on intentional failure to disclose the Undisclosed Prior Art alone.

Defendant also engaged in a potential spoliation of evidence. A recent access to the same weblink https://www.amazon.com/ JISULIFE-Portable-Handheld-Rechargeable- Flashlight/dp/ B072PWLDK3?th=1¬ for the Undisclosed Prior Art only showed the photo of an Amazon dog (see Exhibit 5).

The Federal Circuit Court sets the standard for spoliation of evidence inquiry in patent cases in *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, at 1320-1321 (Fed. Cir., 2011) that "[w]hen litigation is 'reasonably foreseeable' is a flexible fact specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry. This standard does not trigger the duty to preserve documents from the mere existence of a potential claim or the distant possibility of litigation. However, it is not so inflexible as to require that litigation be "imminent, or probable without significant contingencies," as [the defendant] suggests. [The defendant's] proposed gloss on the "reasonably foreseeable" standard comes from an overly generous reading of several cases. [These cases] merely noted that imminent litigation was sufficient, not that it was necessary for spoliation, . . . This court declines to sully the flexible reasonably foreseeable standard with the restrictive gloss

15

proposed by [the defendant] in light of the weight of contrary authority and the unnecessary generosity that such a gloss would extend to alleged spoliators."

Between the time the Undisclosed Prior Art was cited in court filing on November 3, 2023 and the present, Defendant has engaged in continuous patent disputes involving its portable fan patents. Defendant also knew the importance of preserving that weblink is critical to the invalidity of the 'D982 Patent and that its deletion would seriously hurt the defense of the Plaintiffs in this case. Yet, Defendant choose to delete this crucial piece of evidence, leading to allegation of spoliation of evidence under the *Micron Tech* standard.

Defendant also made material misrepresentation on its micro-entity status (Exhibit 6), i.e., they asserted and continued to assert microentity status during the prosecution of the 'D982 Patent when it was not qualified for it.

Patentees' intentional misrepresentation of their status as a micro entity to the USPTO in order to obtain discounted fees to which it was not entitled may constitutes inequitable conduct. See *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003) ("We hold that our traditional standard for inequitable conduct is applicable to PTO proceedings involving the payment of maintenance fees as a small entity...").

Specifically, during the prosecution of '706 Application, Defendant named itself as the assignee and applicant of the '706 Application, claimed the micro entity status on the gross income basis. See Exhibit 7 (Application Data Sheet listing the Plaintiff as the applicant); Exhibit 8 (Official Filing Receipt listing the Plaintiff as the applicant).

On the Certification of Micro Entity Status form (Exhibit 6) filed to the USPTO on April 22, 2019, Defendant certified that "[n]either the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a

16

gross income, as defined in section 61(a) of the Internal Revenue Code of 1986 (26 U.S.C. 61(a)), exceeding the 'Maximum Qualifying Gross Income' reported on the USPTO Web site at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that proceeding calendar year, as most recently reported by the Bureau of the Census."

On May 7, 2020, about one year after the filing date, Defendant again paid the micro-entity issue fee of $175, representing to the USPTO that it still qualified as the micro entity status. See Exhibit 9. Defendant made an admission of its erroneous certification of microentity status on June 14, 2024, four years after the microentity fees were paid. (Exhibit 10).

Plaintiff's gross incomes in the relevant years (2018 and 2019), however, far exceeded the Maximum Qualifying Gross Income limits, which are $184,116 and $189,537, respectively. On its own website, Plaintiff touted that it enacted its overseas expansion strategy and began entering the markets of South Korea, Japan, Europe, and America in July 2018. This document was submitted in Case No.: 1:24-cv-02948 as Exhibit G on May 6, 2024 (Dkt. #36-7). See Exhibit 11.

On a news article published on July 20, 2022, Plaintiff posted the following chart showing the total sales of units from 2016 to 2021, in which the numbers of unit shipment in 2018 and 2019 are 2.25 million and 4 million, respectively. See Exhibit 11 and the screenshot below.

17



At an average $10/unit, Defendant's sale in 2018 and 2019 would be $22.5 million in 2018 and $40 million in 2019, the gross incomes in 2018 and 2019 far exceeded the Maximum Qualifying Gross Income levels.

Because Defendant's gross income level far exceeded the Maximum Qualifying Gross Income limit required for the qualification of the micro entity status, Defendant's twice paying of the micro entity fees in 2019 and 2020 were intentional misrepresentations of its status in order to obtain discounted fees.

As Plaintiffs have raised "substantial question of unenforceability" based on (i) intentionally failing to disclose the Undisclosed Prior Art from the USPTO, (ii) deleting the Undisclosed Prior Art in anticipation of the present action and (iii) falsely claiming microentity status, as to the 'D982 Patent. Therefore, Defendant's Motion for PI as to the 'D982 Patent must be denied in its entirety because "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

**(3)   The 'D982 Patent Is Vulnerable To Being Invalidated Under 35 U.S.C. 102(a) Over The Undisclosed Prior Art.**

The 'D982 Patent is almost certainly invalid as being anticipated by the Undisclosed Prior Art which was published "… more than one year before the U.S. patent application was filed" 35 U.S.C. § 102(b). "…then that prior art anticipates the patent. . . . To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008).

Here Plaintiffs "raise a substantial question concerning . . . validity," rendering a preliminary injunction inappropriate because Defendant cannot make a "clear showing" it will succeed on the merits. The 'D982 Patent has its earliest possible priority date of December 2, 2018, the filing date of the Chinese priority application. The Undisclosed Prior Art was first published on September 6, 2017, more than one year prior to the earliest priority date of the 'D982 Patent. The identity/similarity of the two designs are demonstrated in a direct comparison in the table below:

| Direct Comparison | |
|---|---|
| Foldable Fan Claimed in the 'D982 Patent (December 2, 2018) | Foldable Fan in the Undisclosed Prior Art (September 6, 2017) |
| FIG. 20 | |
| FIG. 3 | |

Therefore, Defendant's Motion for PI with regard to the 'D982 Patent must be denied because it cannot show a likelihood of success on the merits as Plaintiffs have raised a "substantial question of validity" as to the 'D982 Patent.

### (4)    Defendant Failed On The Remaining Factors For PI, Failing to Show Irreparable Harm, The Balance of Equity Tips In Plaintiffs' Favor and An Injunction Is Not In The Public Interest

As stated above, Defendant does not have any right to hold a legal monopoly on the foldable fan market because the 'D982 Patent is (1) not infringed by the Plaintiffs' foldable fan products, (2) unenforceable due to inequitable conduct, and (3) invalid over the Undisclosed Prior Art. Therefore, there is no legally recognizable harm to Defendant by selling the Foldable Fan Product. Moreover, a rejection of Defendant's demand to fix prices on portable fans also does not constitute legally recognizable harm because such demand to fix price is illegal. In addition, Defendant instigated the present controversy with its demand for Plaintiffs to fix price of portable fans and the removal of Plaintiffs' portable fan products from the market would increase the price of those portable fan products in the United States and hurt the consumers. Furtuermore, issuance of preliminary injunction based on noninfringement of an invalid and unenforceable patent, the 'D982 Patent, would be contrary to existing patent laws.

Therefore, Defendant's Motion for PI must be denied with regard to the 'D982 Patent.

### B.    Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits Under The '083 Patent

### (1)    Plaintiffs' Neck Fan Product #1 Does Not Infringe Any Valid Claim Of The '083 Patent

The '083 Patent contains 16 claims, of which claims 1 and 10 are independent claims and claims 2-9 are depend upon claim 1, either directly or indirectly and incorporate all the

20

limitations of claim 1.  Claims 11-16 are dependent upon claim 10, directly or indirectly and incorporate all the claim limitations of claim 11.

Defendant alleged that Neck Fan Product #1 infringes the claims of the '083 Patent based on mis-interpretation of the facts in its claim chart for claim 1 of the '083 Patent (see Exhibit 3 of the Motion for PI). However, Defendant incorrectly described Neck Fan Product #1, especially regarding the plurality of air inlets between the edge of the cover and the second side wall. As shown in the photo of Neck Fan Product #1, the covers are for decoration purpose only with no air inlets between the edge of the cover and the second side wall.

| Claim 1 | Limitation | Neck Fan Product #1 |
|---|---|---|
|  | each of the first side wall and the second side wall defines a plurality of air inlets, | The second side wall does not define a plurality of air inlets as the cover is only for decoration and the space between the edge of the cover and the second side wall is sealed to prevent air passage. The Neck Fan Product #1 does not contain this claim element. |
| 1.10 | The cover is disposed on a side of the second side wall away from the first side wall and corresponds to the plurality of air inlets; and | The cover is sealed to the second side wall and is for decoration purpose only. There is also no plurality of air inlets for it to corresponds to. Neck Fan Product #1 does not contain this claim element. |

| 1.11 | A gap is defined between an edge of the cover and the second side wall and is communicated with the plurality of air inlets. | <br>There is no gap which is communicated with the plurality of air inlets as the cover is only for decoration and the space between the edge of the cover and the second side wall is sealed to prevent air passage. The Neck Fan Product #1 also does not contain this claim element. |
|------|------|------|

Therefore, Neck Fan Product #1 does not literally infringe claim 1 of the '083 Patent because "Literal infringement may be found when the accused device embodies each and every element of the properly construed claim." *Mannesmann Demag Corp. v. Engineered Metal Products Co., Inc.,* 793 F.2d 1279, 1282 (Fed. Cir. 1986). Neck Fan Product #1 does not contain "The second side wall which defines a plurality of air inlets," does not contain "The cover is disposed on a side of the second side wall away from the first side wall and corresponds to the plurality of air inlets;" and also does not contain "A gap is defined between an edge of the cover and the second side wall and is communicated with the plurality of air inlets."

For the same reason, Neck Fan Product #1 also does not literally infringe claim 10 of the '083 Patent because it also contains three claim elements in claim 1 of the '083 Patent, including (1) "The second side wall which defines a plurality of air inlets;" (2) "The cover is disposed on a side of the second side wall away from the first side wall and corresponds to the plurality of air inlets;" and (3) "A gap is defined between an edge of the cover and the second side wall and is communicated with the plurality of air inlets."

22

Claims 2-9 and 11-16 are also not literally infringed by Neck Fan Product #1 because claims 2-9 are dependent upon claim 1 and incorporate all the claim limitations of claim 1 and claims 11-16 are dependent upon claim 10 and incorporate all the claim limitations of claim 10. The Federal Circuit Court has consistently held that "If there is no infringement of an independent claim, then any claim which depends from that base claim (directly or indirectly) is also not infringed." *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000) (it is a "fundamental principle of patent law that 'dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.'") (*quoting Wahpeton Canvas Co., v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989).

Neck Fan Product #1 also does not infringe any of claims 1-16 of the '083 Patent under the doctrine of equivalents because it does not have three elements in claim 1 of the '083 Patent stated above.  Plaintiffs' conclusion noninfringement is consistent with the Supreme Court holding that "No claim limitation may be ignored as superfluous or immaterial for any reason. All elements of a claim are made material by the patentee's choice to include them in the claim." *Water-Meter Co. v. Desper*, 101 U.S. 332, 377 (1880).  "There can be no infringement as a matter of law if a claim limitation is totally missing from the accused device." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1539 (Fed. Cir. 1991) (finding of no infringement under the doctrine of equivalents affirmed).

    **(2)**    **The Claims Of The '083 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Render These Claims Invalid For Reading On Japanese Patent No. JP2019-105266 And/Or U.S. Design Patent No. D890,354**

A direct comparison of the claim 1 elements with Neck Fan Product #1 and Japanese Patent No. JP2019-105266, filed on 12/14/2017, issued on June 27, 2019 ("the 'JP266 Patent"

See Exhibit 5 to the Second Amended Complaint) and/or U.S. Design Patent No. D890,354[4]

("the 'D354 Patent") is shown in Exhibit 12.

Claim 1 of the '083 Patent cannot be interpreted to cover Neck Fan Product #1 because

doing so would also read on the disclosure of the 'JP266 Patent and/or the 'D354 Patent to

render the claim invalid.

For the same reasons, Claim 10 of the '083 Patent also cannot be interpreted to cover

Neck Fan Product #1 as well as claims 2-9 which depend upon claim 1 and claims 11-16 which

depend upon claim 10.

Accordingly, Defendant's Motion for PI based on the '083 Patent must be denied because

Plaintiffs have raised another substantial question of noninfringement/invalidity against the '083

Patent.

**(3)    The Claims Of The '083 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Render These Claims Invalid For Reading On Korean Registered Patent No. 10-1834138**

A direct comparison of the claim 1 elements with Neck Fan Product #1 and Korean

Registered Patent No. 10-1834138, filed on November 10, 2017 and issued on February 23, 2018

("the 'KR138 Patent" See Exhibit 9 to the Second Amended Complaint) is shown in Exhibit 13.

Claim 1 of the '083 Patent cannot be interpreted to cover Neck Fan Product #1 because

doing so would also read on the disclosure of the 'KR138 Patent and/or the 'D354 Patent to

render the claim invalid.

---

[4] Design patent can be used as prior art against utility patent applications. As explained in MPEP § 2125, design and utility patents are examined under different standards, but a design patent may be used in a 35 U.S.C. 103 rejection of a utility patent application if it is analogous art to the claimed invention. Further, the USPTO also recognizes that images, including those in design patents, can constitute prior art. MPEP § 2121.04 explains that drawings and pictures can anticipate claims if they clearly show the structure which is claimed.

For the same reasons, claim 10 of the '083 Patent also cannot be interpreted to cover Neck Fan Product #1 as well as claims 2-9 which depend upon claim 1 and claims 11-16 which depend upon claim 10.  Accordingly, Defendant's Motion for PI based on the '083 Patent must be denied because Plaintiffs have raised yet another substantial question of noninfringement/ invalidity against the '083 Patent.

> **(4)    The Claims Of The '083 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Render These Claims Invalid For Reading On Chinese Patent No. 209354401**

A direct comparison of the claim 1 elements with Neck Fan Product #1 and Chinese Patent No. 209354401, filed on December 13, 2018 and issued on September 6, 2019 ("the 'CN401 Patent" see Exhibit 12 to the Second Amended Complaint) is shown in Exhibit 14.

Claim 1 of the '083 Patent cannot be interpreted to cover Neck Fan Product #1 because doing so would also read on the disclosure of the 'CN401 Patent and/or the 'D354 Patent to render the claim invalid.

For the same reasons, claim 10 of the '083 Patent also cannot be interpreted to cover Neck Fan Product #1 as well as claims 2-9 which depend upon claim 1 and claims 11-16 which depend upon claim 10.  Accordingly, Defendant's Motion for PI based on the '083 Patent must be denied because Plaintiffs have raised yet another substantial question of noninfringement/ invalidity against the '083 Patent.

> **C.    Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits Under The '947 Patent**

The '947 Patent has two independent claims 1 and 17. Claims 2-16 depend upon claim 1 and claim 18 depends upon claim 17.  Defendant alleged that Neck Fan Product #1 and Neck Fan Product #2 infringe claim 1 of the '947 Patent (see Exhibit 4 to the Motion for PI). As Defendant

has not shown that Neck Fan Product #2 was from Plaintiffs, we'll focus only on Neck Fan Product #1 here.

**(1) <u>Neck Fan Product #1 Does Not Infringe Any Valid Claim Of The '947 Patent</u>**

Claim 1 element 1.11 of the '947 Patent and Neck Fan Product #1 are compared directly in the table below and does not read on Neck Fan Product #1:

| Claim 1 | Limitation | Plaintiffs' Neck Fan Product #1 |
|---|---|---|
| 1.11 | the air inlets are defined in each of the inner wall and the outer wall. | There is no air inlets in the outer wall as the cover is only for decoration and the space between the edge of the cover and the second side wall is sealed to prevent air passage. |

Neck Fan Product #1 does not literally infringe claim 1 of the '947 Patent because it does not contain the claim element of "air inlets in the outer wall," and that "Literal infringement may be found when the accused device embodies each and every element of the properly construed claim." *Mannesmann Demag Corp. v. Engineered Metal Products Co., Inc.,* 793 F.2d 1279, 1282 (Fed. Cir. 1986). Neck Fan Product #1 does not literally infringe claim 17 of the '947 Patent because it does not contain the claim element of "air inlets in the outer wall."

Claims 2-16 and 18 are not literally infringed by Neck Fan Product #1 because claims 2-16 are dependent upon claim 1 and incorporate all the claim limitations of claim 1 and claim 18 is dependent upon claim 17 and incorporate all the claim limitations of claim 17. "If there is no infringement of an independent claim, then any claim which depends from that base claim

(directly or indirectly) is also not infringed." *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000).

Neck Fan Product #1 also does not infringe any of claims 1-18 of the '947 Patent under the doctrine of equivalents because it does not have "air inlets in the outer wall" and does not have "wherein the air inlets and the vents are arranged at each of a side of housing disposed near the user's neck and a side of the housing disposed away from the user's neck." Plaintiffs' conclusion of noninfringement is consistent with the Supreme Court holding that "No claim limitation may be ignored as superfluous or immaterial for any reason. All elements of a claim are made material by the patentee's choice to include them in the claim." *Water-Meter Co. v. Desper*, 101 U.S. 332, 377 (1880).

Therefore, Defendant's Motion for PI based on the '947 Patent must be denied because Plaintiffs have raised a substantial question of noninfringement/invalidity.

**(2)** **The Claims Of The '947 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Also Read On The 'JP266 Patent**

A direct comparison of the claim 1 elements of the '947 Patent with Neck Fan Product #1 and the 'JP266 Patent is shown in Exhibit 15.

As demonstrated in the table in Exhibit 15, claim 1 of the '947 Patent cannot be infringed by Neck Fan Product #1 because claim 1 element, "air inlets in the outer wall," is not present in Neck Fan Product #1. Moreover, Neck Fan Product #1 does not literally infringe claim 17 of the '947 Patent because claim 17 element of "wherein the air inlets and the vents are arranged at each of a side of housing disposed near the user's neck and a side of the housing disposed away from the user's neck."

Claims 2-16 and 18 are also not literally infringed by Neck Fan Product #1 because claims 2-16 are dependent upon claim 1 and incorporate all the claim limitations of claim 1 and

claim 18 is dependent upon claim 17 and incorporate all the claim limitations of claim 17. "If there is no infringement of an independent claim, then any claim which depends from that base claim (directly or indirectly) is also not infringed." *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000).

Neck Fan Product #1 also does not infringe any of claims 1-18 of the '947 Patent under the doctrine of equivalents because it does not have "air inlets in the outer wall" and does not have "wherein the air inlets and the vents are arranged at each of a side of housing disposed near the user's neck and a side of the housing disposed away from the user's neck." Plaintiffs' conclusion of noninfringement is consistent with the Supreme Court holding that "No claim limitation may be ignored as superfluous or immaterial for any reason. All elements of a claim are made material by the patentee's choice to include them in the claim." *Water-Meter Co. v. Desper*, 101 U.S. 332, 377 (1880).

Moreover, none of the claims 1-18 of the '947 Patent cannot be interpreted to read on Neck Fan Product #1 without also reading on the 'JP266 Patent so as to render these claims invalid because Neck Fan Product #1 is closer to the 'JP266 Patent than to the '947 Patent.

Therefore, Defendant's Motion for PI based on the '947 Patent must be denied because Plaintiffs have raised another substantial question of noninfringement/invalidity.

**(3)** **The Claims Of The '947 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Also Read On The 'KR138 Patent**

A direct comparison of the claim 1 elements of the '947 Patent with Neck Fan Product #1 and the 'KR138 Patent is shown in Exhibit 16.

As demonstrated in the table in Exhibit 16, claim 1 of the '947 Patent cannot be infringed by Neck Fan Product #1 because claim 1 element, "air inlets in the outer wall," is not present in Neck Fan Product #1. Moreover, Neck Fan Product #1 does not literally infringe claim 17 of the

28

'947 Patent because claim 17 element of "wherein the air inlets and the vents are arranged at each of a side of housing disposed near the user's neck and a side of the housing disposed away from the user's neck."

Claims 2-16 and 18 are also not literally infringed by Neck Fan Product #1 because claims 2-16 are dependent upon claim 1 and incorporate all the claim limitations of claim 1 and claim 18 is dependent upon claim 17 and incorporate all the claim limitations of claim 17. "If there is no infringement of an independent claim, then any claim which depends from that base claim (directly or indirectly) is also not infringed." *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000).

Neck Fan Product #1 also does not infringe any of claims 1-18 of the '947 Patent under the doctrine of equivalents because it does not have "air inlets in the outer wall" and does not have "wherein the air inlets and the vents are arranged at each of a side of housing disposed near the user's neck and a side of the housing disposed away from the user's neck." Plaintiffs' conclusion of noninfringement is consistent with the Supreme Court holding that "No claim limitation may be ignored as superfluous or immaterial for any reason. All elements of a claim are made material by the patentee's choice to include them in the claim." *Water-Meter Co. v. Desper*, 101 U.S. 332, 377 (1880).

Moreover, none of the claims 1-18 of the '947 Patent cannot be interpreted to read on Neck Fan Product #1 without also reading on the 'KR138 Patent so as to render these claims invalid because Neck Fan Product #1 is closer to the 'KR138 Patent than to the '947 Patent.

Therefore, Defendant's Motion for PI based on the '947 Patent must be denied because Plaintiffs have raised another substantial question of noninfringement/invalidity.

**(4) <u>The Claims Of The '947 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Also Read On The 'CN401 Patent</u>**

A direct comparison of the claim 1 elements of the '947 Patent with Neck Fan Product #1 and the 'CN401 Patent is shown in Exhibit 17.

As demonstrated in the table in Exhibit 17, claim 1 of the '947 Patent cannot be interpreted to cover Neck Fan Product #1 because doing so would also read on the disclosure of the 'CN401 Patent so as to render claim 1 invalid. For the same reasons, claim 17 of the '947 Patent cannot be interpreted to cover Neck Fan Product #1 so are claims 2-16 which depend upon claim 1 and claims 18 which depends upon claim 17.

Accordingly, Defendant's Motion for PI based on the '947 Patent must be denied because Plaintiffs have raised yet another substantial question of noninfringement/invalidity.

**D.      <u>Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits Under The '602 Patent</u>**

The '602 Patent has two independent claims 1 and 10. Claims 2-9 depend upon claim 1 and claim 11-18 depends upon claim 10.  Defendant alleged that the following two neck fan products infringes claim 1 of the '602 Patent (see Exhibit 5 to the Motion for PI).

**(1) <u>The Claims Of The '602 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Also Read On The 'JP266 Patent</u>**

A direct comparison of the claim 1 elements of the '602 Patent with Neck Fan Product #1 and the 'JP266 Patent is shown in Exhibit 18.

As demonstrated in the table in Exhibit 18, claim 1 of the '602 Patent cannot be interpreted to cover Neck Fan Product #1 because doing so would also read on the disclosure of the 'JP266 Patent so as to render claim 1 invalid. For the same reasons, claim 10 of the '947 Patent cannot be interpreted to cover Neck Fan Product #1 so are claims 2-9 which depend upon claim 1 and claims 11-18 which depend upon claim 10.

Accordingly, Defendant's Motion for PI based on the '602 Patent must be denied because Plaintiffs have raised a substantial question of noninfringement/invalidity.

### (2) The Claims Of The '602 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Also Read On The 'KR138 Patent

A direct comparison of the claim 1 elements of the '602 Patent with Neck Fan Product #1 and the 'KR138 Patent is shown in Exhibit 19.

As demonstrated in the table in Exhibit 19, claim 1 of the '602 Patent cannot be interpreted to cover Neck Fan Product #1 because doing so would also read on the disclosure of the 'KR138 Patent so as to render claim 1 invalid. For the same reasons, claim 10 of the '602 Patent cannot be interpreted to cover Neck Fan Product #1 so are claims 2-9 which depend upon claim 1 and claims 11-18 which depend upon claim 10.

Accordingly, Defendant's Motion for PI based on the '602 Patent must be denied because Plaintiffs have raised a substantial question of noninfringement/invalidity.

### (3) The Claims Of The '602 Patent Cannot Be Interpreted To Cover Neck Fan Product #1 Because Doing So Would Also Read On The 'CN401 Patent

A direct comparison of the claim 1 elements of the '602 Patent with Neck Fan Product #1 and the 'CN401 Patent is shown in Exhibit 20.

Claim 1 of the '602 Patent cannot be interpreted to cover Neck Fan Product #1 because doing so would also read on the disclosure of the 'CN401 Patent to render claim 1 invalid.

For the same reasons, Claim 10 of the '602 Patent also cannot be interpreted to cover Neck Fan Product #1 as well as claims 2-9 which depend upon claim 1 and claims 11-18 which depend upon claim 10.  Accordingly, Defendant's Motion for PI based on the '602 Patent must be denied because Plaintiffs have raised yet another substantial question of noninfringement/ invalidity against the '602 Patent.

E.    **Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits Under The 'D084 Patent**

The 'D084 Patent design has been disclosed in U.S. Design Patent No. D952,117 ('the 'D117 Patent"), with a priority date of January 15, 2021 (see Exhibit 21). There are several other prior art references which are not attached herein due to page limitation but may be presented at the hearing. The 'D084 Patent, the 'D117 Patent and Handheld Fan Product #1 are directly compared in the table in Exhibit 21.

As demonstrated in the table in Exhibit 21, Handheld Fan Product #1 has substantially different design features as compared with that of the 'D084 Patent, especially the top view and the bottom view. Moreover, views of Handheld Fan Product #1 from other angles are closer to the 'D117 Patent in the prior art than to the 'D084 Patent.

Therefore, the 'D084 Patent cannot be interpreted to cover Handheld Fan Product #1 because of the substantial differences in the designs and because doing so would also read on the disclosure of the 'D117 Patent to render the 'D084 Patent claim invalid.

Accordingly, Defendant's Motion for PI based on the 'D084 Patent must be denied because Plaintiffs have raised yet another substantial question of noninfringement/invalidity and "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

F.    **Defendant Does Not Have A Reasonable Likelihood Of Success On The Merits Under The 'D190 Patent**

The 'D190 Patent claim is directly compared with Handheld Fan Product #2 and the 'D117 Patent in the table in Exhibit 22.

32

As demonstrated in the table in Exhibit 22, Handheld Fan Product #2 has different design features as compared with those of the 'D190 Patent, especially the top view and the bottom view. Moreover, views of Handheld Fan Product #2 from other angles are closer to the 'D117 Patent in the prior art than to the 'D190 Patent.

Therefore, the 'D190 Patent cannot be interpreted to cover Handheld Fan Product #2 because of the substantial differences in the designs and because doing so would also cover on the disclosure of the 'D117 Patent to render the 'D190 Patent claim invalid.

Accordingly, Defendant's Motion for PI based on the 'D190 Patent must be denied because Plaintiffs have raised yet another substantial question of noninfringement/invalidity and "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for PI must be denied in its entirety.

Dated: July 13, 2025

By: /s/ Lance Liu
Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Phone: (203) 706-9536
lanceliu2000@gmail.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

Dated: <u>July 13, 2025</u>                    By: <u>/s/ Lance Liu</u>
                                                      Lance Liu, Esq.
                                                      15 Minuteman Circle
                                                      Southbury, CT 06488
                                                      Phone: (203) 706-9536
                                                      lanceliu2000@gmail.com

                                                      Attorney for Plaintiffs