IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GAIATOP LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN JISU KEJI YOUXIANGONGSI,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-619 (KMW-MJS)<br><br>**ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Defendant Shenzhen Jisu Keji Youxiangongsi's, ("Defendant"), Motion for Preliminary Injunction, (ECF No. 24); Plaintiffs Gaiatop LLC and Xiantaoshiangsenshangmaoyouxianggongsi, ("Gaiatop Plaintiffs"), opposed the motion, (ECF No. 35); and Defendant replied, (ECF No. 39); and for the reasons set forth in the accompanying Opinion of even date; and for good cause shown;

IT IS this 6th day of <u>August</u>, 2025,

ORDERED that Defendant's Motion for Preliminary Injunction, (ECF No. 24) is **GRANTED**; and further

ORDERED that Gaiatop Plaintiffs and any of their parent companies, subsidiaries, and affiliates and each of their employees, agents, and assigns and all others in active concert or participation with Gaiatop Plaintiffs are hereby restrained and enjoined from making, using, importing, or selling its infringing fans, including but not limited to, Gaiatop's M5 neck fans, its Hanging Neck Fans (model JXS-GB3), and any other products that would infringe any of U.S. Design Patent No. D886,982, U.S. Patent Nos. 11,635,083, 11,661,947, and 11,920,602, U.S.

Design Patent Nos. D1,069,084 and D1,077,190 (the "Accused Products"); and further

ORDERED that Gaiatop Plaintiffs and any of their parent companies, subsidiaries, and affiliates and each of their employees, agents, and assigns and all others in active concert or participation with Gaiatop Plaintiffs are hereby restrained and enjoined:

- (i) from transferring any responsibilities for sales in the United States to any other entities,
- (ii) (ii) from operating, hosting, using, linking to, transferring, selling, exercising control over or otherwise owning any online marketplace account or website that is being used to distribute, market, advertise, offer for sale, or sell the Accused Products, and
- (iii) (iii) from taking any other action to circumvent this Order's restrictions on sales of the Accused Products in the United States; and further

ORDERED that no later than five, (5), days from entry of this Order, Gaiatop Plaintiffs shall produce sales, costs, and profits quarterly summaries, separately for each accused product, after which the parties will meet and confer about an appropriate amount for Gaiatop Plaintiffs to secure a bond or deposit funds to the court sufficient to satisfy Defendant's potential damages for all past sales of Gaiatop Plaintiffs' Accused Products plus tripling for potential willful infringement, and Gaiatop Plaintiffs shall either secure a bond of that amount or deposit that amount to the Court within fourteen, (14), days of this Order; and further

ORDERED that, in the event the Parties are unable to agree on the amount within ten, (10), days, they shall simultaneously provide the Court with letters addressing the appropriate amount, within fourteen, (14), days after this Order, each limited to three, (3), pages, and the Court will set the amount based on those letters; and further

ORDERED this preliminary injunction shall take effect immediately and shall remain in effect pending trial in this matter or further order of this Court; and further

ORDERED that the parties file any proposed redactions to the Opinion currently filed under seal within 10 days of the issuance of this order.

At Camden, New Jersey

KAREN M. WILLIAMS, U.S.D.J.